

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEITH R. MANLEY,

            Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT,

           Defendant.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-679(FB)(LB)

*Appearances:*

*For the Plaintiff:*
KEITH R. MANLEY, *pro se*
253 Ilyssa Way
Staten Island, NY 10312

*For the Defendant:*
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
By: Joshua Fay, Of Counsel
100 Church Street, Room 2-141
New York, NY 10007

**BLOCK, District Judge:**

    *Pro se* plaintiff Keith R. Manley ("Manley") filed suit against defendant New York City Police Department (the "NYPD"), alleging that the NYPD discriminated against him on the basis of age, race and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e – 2000e-17, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12111 – 12117. The NYPD moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Manley failed to file his federal

1

complaint within 90 days of receiving his right-to-sue letter from the EEOC, as required by 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a). Because the Court agrees that Manley's complaint is untimely, and that Manley is not entitled to equitable relief from the limitations period, the Court must grant defendant's motion and dismiss the complaint.

I.

Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro se* papers] liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). Nonetheless, the fact that a litigant is proceeding *pro se* "'does not exempt [that] party from compliance with relevant rules of procedural and substantive law.'" *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

"The requirement that a lawsuit be brought within 90 days of receiving a right to sue letter from [the] EEOC is treated like a statute of limitations." *Rasmussen v. Sigma Corp. of America*, 27 F. Supp. 2d 388, 391 (E.D.N.Y. 1998) (citing *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and

documents incorporated by reference in the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The Court "take[s] as true all of the allegations contained in plaintiff's complaint and draw[s] all inferences in favor of plaintiff." *Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001).

In its memorandum in support of its motion to dismiss Manley's complaint as time-barred, the NYPD correctly set forth the legal standard governing the circumstances under which a plaintiff may be relieved of the applicable limitations period, and argued that Manley did not meet any of the conditions that would merit relief. Manley responded by filing two letters with the Court in which he explained his failure to timely file his complaint and argued that these circumstances entitled him to relief from the limitations period under the standard set forth in the NYPD's submissions. Because Manley is proceeding *pro se*, the Court will consider the facts and allegations contained in these additional submissions, along with Manley's complaint and associated exhibits, in ruling on the NYPD's motion to dismiss. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (stating that in ruling on a motion to dismiss, "the [C]ourt should consider allegations contained in the other court filings of a *pro se* plaintiff . . . ."). *See also Torrico v. Int'l Business Machines Corp.*, 213 F. Supp. 2d 390, 399 n.4 (S.D.N.Y. 2002) ("[A]s long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss, especially where . . . those factual allegations are directly responsive to a defense first raised in the motion itself."). The following facts and allegations, which are taken as true, are therefore derived from (1) Manley's complaint; (2)

the exhibits attached to Manley's complaint, including records from Manley's personnel file, records related to the EEOC administrative proceeding and a handwritten note from Manley explaining why his complaint was not filed within the 90-day limitations period; and (3) the two letters filed by Manley in response to the NYPD's motion to dismiss.

## II.

Manley has been employed with the NYPD since 1986. In 1999, he was placed on modified and restricted duty after it was determined that he was psychologically unfit to perform the duties of a police officer; Manley's treating psychiatrist, Dr. Stavros Sarantakos, subsequently diagnosed Manley with Bipolar Disorder. Compl. Exh. 2, at 6. In October 2003 the NYPD Medical Board (the "Board") recommended that Manley be retired on an ordinary disability pension due to his continuing inability to perform full-duty police work; this recommendation was affirmed by the Board upon reconsideration in May 2004.

Following receipt of the Board's final recommendation, Manley filed a complaint with the New York State Division of Human Rights (the "Human Rights Division"), alleging that the NYPD discriminated against him on the basis of his age, race and disability by compelling him to accept an ordinary disability pension rather than a more costly work-related disability pension, and that the treatment he received from the NYPD, including an investigation related to his placement on modified and restricted duty and the extensive time he spent on modified duty, was motivated by Manley's status as a minority officer.

On September 30, 2004, the Human Rights Division issued a decision concluding that Manley had not provided evidence to support his allegations that his age, race or disability were factors in his treatment by the NYPD. The EEOC adopted the findings of the Human Rights Division and issued a Dismissal and Notice of Rights ("right-to-sue letter"), which was mailed on October 29, 2004 and, according to Manley's federal complaint, received by Manley on November 4, 2004. The right-to-sue letter advised Manley that a suit against the NYPD "must be filed WITHIN 90 DAYS of your receipt of this Notice, or your right to sue based on this charge will be lost." Attach. to Compl. at 1.

Manley's complaint was stamped as received by the *pro se* office on February 4, 2005, one day after expiration of the 90-day period. Manley attached a handwritten note to his complaint that stated, "I wish to proceed with this matter with the court's permission even though I am several days past my deadline! I simply lost track of time!" After the NYPD moved to dismiss the complaint as time-barred, Manley wrote the Court on April 18, 2005, explaining that his statement about losing track of time "was inappropriate and stated under distract [sic]," and that his complaint was not timely filed because he believed that the 90-day period referenced in the right-to-sue letter referred to 90 business days, rather than calendar days. Ltr. of April 18, 2005, at 1. On May 4, 2005, Manley submitted a second letter to the Court, requesting that the court equitably toll the applicable limitations period. Manley stated that equitable tolling is warranted because the right-to-sue letter's failure to specify whether the 90-day limitations period refers to calendar or business days is misleading and confusing. Manley further stated that he acted diligently

in attempting to determine the exact nature of the filing deadline by asking his attorney, who "shunned" him, leading Manley to "seek new legal counsel." Ltr. of May 4, 2005, at 1.

### III.

To be timely, a claim under Title VII or the ADA must be filed within 90 days of a plaintiff's receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (incorporating the limitations period set forth in 42 U.S.C. § 2000e-5(f)(1)). "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). Courts will strictly enforce these deadlines even where the plaintiff is proceeding *pro se*. *See, e.g., Sanchez v. National Cleaning Co.*, 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing *pro se* plaintiff's complaint as untimely where filed 92 days after receipt of right-to-sue letter); *Fletcher*, 980 F. Supp. at 722 (dismissing as untimely *pro se* complaint filed 98 days after receipt of right-to-sue letter). For statute of limitations purposes, A *pro se* complaint will be deemed filed when received by the court's *pro se* office. *See, e.g., Fletcher v. Runyon*, 980 F. Supp. 720, 721 (S.D.N.Y. 1997) (citing *Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988)). Manley's complaint was stamped as received by the *pro se* office on February 4, 2005, one day after expiration of the 90-day limitations period, and is therefore untimely on its face.

Because the 90-day limitations period in Title VII and ADA cases is not jurisdictional, it may be equitably tolled in certain circumstances. *See South v. Saab Cars*

*USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994). A court may allow equitable tolling when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass....[;] where the court has led the plaintiff to believe that she had done all that was required of her . . . .; where affirmative misconduct on the part of the defendant may have lulled [the] plaintiff into inaction . . . ; where the claimant has received inadequate notice . . .; [or] where a motion for the appointment of counsel is pending." *Id.* at 11-12 (holding that district court erred in denying defendant's 12(b)(6) motion to dismiss on the grounds that plaintiff was entitled to equitable tolling) (internal citations and quotation marks omitted). Such relief is granted "only sparingly." *Fletcher*, 980 F. Supp. at 721 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect," *South*, 28 F.3d at 12 (citing *Irwin*, 498 U.S. at 96), and "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (holding that *pro se* litigant's filing of right-to-sue letter rather than complaint did not toll the 90-day period).

Manley has offered two excuses for his late filing, first arguing that he "lost track of time," and later arguing that he understood the 90-day limitations period in the right-to-sue letter to refer to business days, rather than calendar days. The Court concludes that these explanations, neither of which rise to the level of the extraordinary circumstances

7

which the Second Circuit has held may merit relief from the limitations period, are insufficient to warrant application of the equitable tolling doctrine. Manley's right-to-sue letter clearly advised him of the 90-day filing deadline, and his initial statement that he "lost track of time" is not grounds for relieving him of the applicable limitations period. *See Baldwin*, 466 U.S. at 1725-26 (noting that "inadequate notice" sufficient to warrant equitable tolling may exist where a plaintiff receives *no* information regarding the time within which she must act to preserve her right to sue, but finding, in the absence of other extenuating circumstances, that a *pro se* plaintiff did not demonstrate entitlement to tolling on the grounds of inadequate notice where her right-to-sue letter informed her that her complaint must be filed within 90 days).

Nor does the Court find, in the absence of any allegation that the EEOC or any other party misled Manley into believing that a more generous limitations period applied, that Manley received inadequate notice of the applicable limitations period by virtue of the fact that the right-to-sue letter stated only that Manley was required to file his claim within "90 days," rather than "90 calendar days." A decision to simply act upon the assumption that a longer period of limitations applied, without obtaining clarification of the rule, does not rise above the level of a "garden variety claim of excusable neglect" which the Supreme Court has held insufficient to merit equitable tolling. *Irwin*, 498 U.S. at 96. *See also Bethlemie v. New York City Health & Hosp. Corp.*, 2001 WL 863424 at *3 (S.D.N.Y. July 31, 2001) (holding that equitable tolling was not merited where *pro se* plaintiff claimed confusion regarding whether the limitations period for filing excluded

8

weekends, and noting that "the mere fact that [the plaintiff] may have inferred as much . . . does not excuse his failure to comply with the actual requirements of the statute.").

While Manley asserts that he acted diligently by asking his attorney about the "specifics of the rule," this argument is unpersuasive. If, as Manley states, he realized prior to the expiration of the 90-day period that he was uncertain about the rule and did not receive an answer from his attorney, diligence required him to seek clarification from the EEOC or another source, or to err on the side of caution by assuming that the right-to-sue letter's reference to "90 days" did not refer to 90 business days. Manley's failure to seek proper clarification in the light of an admitted uncertainty is merely a failure to act diligently, and Manley "cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, 466 U.S. at 151.

### III.

Because it appears from the face of Manley's complaint that his action against the NYPD was not timely filed, and because no equitable considerations warrant tolling of the limitations period, the Court grants defendant's motion and dismisses the complaint.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
October 18, 2005

9