UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
KEITH R. MANLEY,

               Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT,

               Defendant.

------------------------------------------------------------x

**ORDER**
Case No. CV-05-679(FB)(LB)

*Appearances:*
*For the Plaintiff:*
KEITH R. MANLEY, *pro se*
253 Ilyssa Way
Staten Island, NY 10312

*For the Defendant:*
MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
By: Joshua Fay, Of Counsel
100 Church Street, Room 2-141
New York, NY 10007

**BLOCK, District Judge:**

    *Pro se* plaintiff Keith R. Manley ("Manley") filed suit against the New York City Police Department (the "NYPD"), alleging that the NYPD discriminated against him on the basis of age, race and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e – 2000e-17, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12111 – 12117. On October 18, 2005, the Court issued a Memorandum and Order ("Order") dismissing Manley's complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that Manley failed to file his federal suit within 90 days of receiving his right-to-sue letter from the EEOC, as required by the relevant statutory provisions of Title VII and the ADA, and that there is no basis for equitable tolling.

1

Following issuance of its October 18, 2005 Order, the Court received a letter from Manley dated October 11, 2005, which purported to submit documents related to a claim against the NYPD for violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(D) ("EPA"), which prohibits discrimination in rates of pay on the basis of sex. In his October 11 letter, Manley refers to his right-to-sue letter from the EEOC, which, along with information about the limitations period for filing suit under Title VII and the ADA, contains general information regarding the time period within which a party is required to file suit for any alleged violation of the EPA. However, it does not appear from Manley's federal complaint and associated exhibits that Manley raised an EPA claim in the EEOC proceeding, nor did a liberal reading of the facts and allegations of Manley's complaint suggest that Manley intended to raise such a claim in his subsequent federal suit; therefore, the Court concludes that a claim against the NYPD for violation of the EPA is not properly before it.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
October 20, 2005

2